Patrick GETTY, et al., Plaintiffs,

v.

Philip Steven HARMON, et al., Defendants.

No. C98–178WD.

United States District Court, W.D. Washington, at Seattle.

April 1, 1999.

P. Arley Harrel, Williams, Kastner & Gibbs, LLP, for SunAmerica Securities, Inc., defendant.

Richard L. Martens, Karen Wilson, Johnson Martens Christie Andrews & Skinner, Seattle, WA, for J. Jerry Merchant and Jane Doe Merchant.

James B. Stoetzer, Lane Powell Spears Lubersky, Seattle, WA, for Phillip E. Harmon & Associates, Inc.

Robert J. Bocko, Keesal, Young & Logan, Seattle, WA, for Gary w. Krat and Jane Doe Krat, defendant.

## ORDER ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON STATUTE OF LIMITATIONS

DWYER, District Judge.

Defendant SunAmerica Securities, Inc. ("SAS") has moved for partial summary judgment dismissing plaintiffs' federal securities claims as time-barred. All other defendants have joined in the motion.

Partial summary judgment under Fed. R.Civ.P. 56 may be granted if there is no genuine issue of material fact as to a claim and the moving party is entitled to judgment as a matter of law. An issue of material fact is one that affects the outcome of the case and requires a trial to resolve differing versions of the truth. *Admiralty Fund v. Hugh Johnson & Co.,* 677 F.2d 1301, 1305–06 (9th Cir.1982). In deciding the motion the court views the evidence in the light most favorable to the non-moving party, and draws all reasonable inferences in that party's favor. *Poller v. Columbia Broadcasting System, Inc.,* 368 U.S. 464, 473, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630–31 (9th Cir.1987). Doubts must be resolved in favor of the opponent to summary judgment. *Transmatic, Inc. v. Gulton Indus., Inc.,* 53 F.3d 1270 (Fed. Cir.1995). However, the non-moving party

must respond to an adequately supported motion by showing that a genuine issue of material fact exists; if the response falls short of that, summary judgment should be granted. Fed.R.Civ.P. 56(e); *T.W. Elec. Serv., Inc.,* 809 F.2d at 630–31.

 Under § 10(b) of the Securities and Exchange Act of 1934 and Rule 10b–5, a complaint must be filed "within one year after the discovery of facts constituting the violation and within three years after such violation." *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* 501 U.S. 350, 364, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991). The statutory limitations period is triggered when a plaintiff is on inquiry notice of the facts constituting an alleged violation. *Great Rivers Co-op. of Southeastern Iowa v. Farmland Industries,* 120 F.3d 893, 896 (8th Cir.1997). Inquiry notice exists when "the victim is aware of facts that would lead a reasonable person to investigate and consequently acquire actual knowledge of the defendant's misrepresentations." *Id. See also, Gray v. First Winthrop Corp.,* 82 F.3d 877, 881 (9th Cir.1996). The determination is an objective inquiry "based upon the facts known to the victim." *Great Rivers,* 120 F.3d at 896. A court applying the inquiry notice doctrine must determine: "(1) the facts of which the victim was aware; (2) whether a reasonable person with knowledge of those facts would have investigated the situation further; and (3) upon investigation, whether the reasonable person would have acquired actual notice of the defendant's misrepresentations." *Id.*

 On this issue, "[s]ummary judgment is appropriate only when uncontroverted evidence irrefutably demonstrates plaintiff discovered or should have discovered the fraudulent conduct." *Gray,* 82 F.3d at 881. Therefore, defendants have "an extremely difficult burden to show that there exists no issue of material fact regarding notice." *S.E.C. v. Seaboard Corp.,* 677 F.2d 1289, 1294 (9th Cir.1982). That standard has not been met here. Defendants have not demonstrated the absence of a genuine issue of material fact regarding notice.

 The motion for partial summary judgment is also based on the statute of repose, which bars recovery on investments made more than three years before the filing of the action. *Lampf,* 501 U.S. at 364, 111 S.Ct. 2773. Defendants point out that plaintiffs did not allege which class members purchased promissory notes before or after February 11, 1995. They request that, to the extent that plaintiffs' investments were made before that date, the court dismiss federal securities claims based in those purchases as time-barred under the three-year statute of repose.

 Plaintiffs respond that this part of defendants' motion is moot because no claims relating to investments made outside the statute of repose period have been brought. They contend that, although many of the promissory notes were issued outside the three-year period of repose, "as notes became due, the Harmons' practice was to persuade investors to renew their investment generally proposing a new due date and as part of the inducement they often increased the interest rate." Plaintiffs Memo. at 22. Plaintiffs argue that each renewal constituted the sale of a new security and that the statute of limitations began to run on the date of the issuance of each new note.

Defendants reply that the notes were renewed automatically, without the making of new representations. They cite *Ferguson v. Roberts* for the proposition that, for a renewal to constitute a subsequent "sale" there must be proof of an independent investment decision based on new representations. 11 F.3d 696, 703 (7th Cir. 1993). They argue, therefore, that claims based on renewals of investments made before February 11, 1995, are barred by the statute of repose.

*Ferguson* does not stand for the proposition advanced by defendants. The court

there held that, where an agreement made outside the repose period compelled the plaintiff to make additional payments within the repose period, the payments within the period were not new investments and the repose period began to run with the original agreement. *Id.* at 704. The *Ferguson* court contrasted the facts there with those in *Goodman v. Epstein,* 582 F.2d 388 (7th Cir.1978), in which a limited partnership agreement contemplated a series of payments over an extended period of time. In *Goodman,* each payment was treated as a separate purchase of a security. 582 F.2d at 414. *Goodman* turned on the fact that the investors were not required to make the additional payments; there was, therefore, "a series of investment decisions that could be made by the investors." *Ferguson,* 11 F.3d at 703-4; *see also Roberts v. Peat, Marwick, Mitchell & Co., et al.,* 857 F.2d 646, 651 (9th Cir.1988) (distinguishing *Goodman* on the grounds that, "Unlike the *Goodman* investors who had the legal alternative not to contribute to a capital call, these investors were required to pay the promissory notes.").

Here, the class members had the option of rejecting the renewals. Therefore, each renewal, whether accompanied by new representations or not, was based upon a new decision, and each constituted a new investment for the purpose of determining the period of repose.

For the reasons stated, defendants' motion for summary judgment dismissing plaintiffs' federal securities claims as time-barred is denied.